NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK,<br><br>Plaintiff,<br><br>v.<br><br>EDUCATION & HEALTH CENTERS OF AMERICA, *et al.*,<br><br>Defendants. | Civil Action No. 17-6318 (JLL)<br><br>OPINION |

**LINARES,** Chief District Judge

This matter comes before the Court by way of Stanley L. Niblack's ("Plaintiff") motion to remand the present matter pursuant to 28 U.S.C. § 1447. (ECF No. 6) ("Motion"). Defendants have filled an opposition. (ECF No. 8). The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court denies Plaintiff's Motion.

## I. BACKGROUND

Plaintiff is currently a state prisoner confined at the Albert M. "Bo" Robinson Assessment and Treatment Center in Trenton, N.J. Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("CRA"). (ECF No. 4-1). Plaintiff raises three claims against the various defendants: (1) that Defendants have been deliberately indifferent to his medical needs, especially those relating to his diabetes; (2) that the conditions of confinement at Bo Robinson amount to cruel and unusual punishment in violation of the New Jersey and Federal constitutions; and (3) that Bo Robinson and its parent companies have denied Plaintiff his First Amendment rights by refusing to respond to his grievances. (*See*

1

*generally* ECF No. 4-1). Plaintiff initially filed this case in state court, (ECF No. 4-1), and Defendants removed the case to federal court based on federal question jurisdiction. (ECF No. 1). Plaintiff's Motion now seeks to remand the case to state court. (ECF No. 6).

In support of his Motion, Plaintiff makes three arguments. First, he argues that the Defendants' notice of removal was defective and that all Defendants failed to consent to removal. (ECF No. 6). Second, Plaintiff claims that removal was untimely under the "later-served defendant rule," and third, Plaintiff asserts that he has the right to choose the forum in which he litigates. (*Id.*).

The Court will now address these claims in turn.

## II. DISCUSSION

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court . . . ." Federal courts have original jurisdiction over cases presenting federal questions. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In the instant case, Plaintiff clearly raises claims invoking federal question jurisdiction, as he alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 4-1). Therefore, this Court has original jurisdiction over those claims pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Plaintiff's related state-claims pursuant to 28 U.S.C. § 1367.

Plaintiff first argues that removal was defective because all Defendants have not consented to removal. In a case where there are multiple defendants, "Section 1446 has been

construed to require that . . . all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). This requirement is commonly known as the "rule of unanimity," and a "failure of all defendants to join in the notice of removal creates a 'defect in the removal procedure within the meaning of § 1447(c).'" *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 516 (D.N.J. 2012) (quoting *Balazik v. Cty. Of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)). Defendants argue that removal is proper, since the same counsel represents all Defendants, and therefore, Defendants consented to removal when their counsel filed the Notice of Removal. (ECF No. 8). Where defendants jointly file the notice of removal, the rule of unanimity is satisfied. *See Weinrach v. White Metal Rolling and Stamping Corp.*, No. Civ.A. 98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999) (citing *Balazik*, 44 F.3d at 213)). Here, the Notice of Removal, (ECF No. 1), clearly shows that the same counsel represents all Defendants, and thus Defendants jointly filed the notice of removal. As such, there is no defect in Defendants' removal under the rule of unanimity articulated in 28 U.S.C. § 1446.

Plaintiff next argues that Defendants' Notice of Removal was untimely under the later-served defendant rule. Plaintiff is correct that this District has adopted the later-served defendant rule. *See Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 342–43 (D.N.J. 2001). Under this rule, "each defendant to an action is entitled to thirty days after service to remove an otherwise removable action and . . . all defendants can consent to that removal, even if their own thirty-day periods have expired." *Id.* at 342 (quoting *Griffith v. Am. Home Prods. Corp.*, 85 F. Supp. 2d 995, 998 (E.D. Wa. 2000)). The latest-served Defendant in this matter was served with Plaintiff's Complaint on August 9, 2017. (ECF Nos. 6, 8). Defendants filed their Notice of Removal in this Court on August 22, 2017. (ECF No. 1). As such, Defendants' removal of this case is timely under 28 U.S.C. 1446.

Finally, Plaintiff claims that he is entitled to his choice of venue as a matter of right and that removal of this case would undercut the principles of federalism. (ECF No. 6). In this matter, Plaintiff is not entitled to his choice of venue, as Defendants have properly removed this case to federal court pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. As such, the Court will not remand this case to state court.

### III. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion, (ECF No. 6), is denied. An appropriate Order follows.

DATED: November 1st, 2017

JOSE L. LINARES
Chief Judge, United States District Court